**Robert S. VAN RENSSELAER and Edna Van Rensselaer, Plaintiffs-Appellants,**

v.

**GENERAL MOTORS CORPORATION, a corporation organized and existing under and by virtue of the laws of the State of Delaware and transacting business in Michigan, Defendant-Appellee.**

**No. 15275.**

United States Court of Appeals
Sixth Circuit.

Nov. 12, 1963.

Philip J. Schneider, Cincinnati, Ohio (Waite, Schindel, Bayless & Schneider, Cincinnati, Ohio, Edna E. Van Rensselaer, West Los Angeles, Cal., on the brief), for appellants.

George W. Coombe, Jr., Detroit, Mich. (Aloysius F. Power, Gen. Counsel, General Motors Corp., Detroit, Mich., on the brief; Jeal L. Carpenter, Detroit, Mich., of counsel), for appellee.

Before WEICK, Circuit Judge, TAYLOR, District Judge, and DARR, Senior District Judge.

PER CURIAM.

The complaint filed in the District Court contained two counts, one of which was based on express contract and the other on quasi contract. In substance, plaintiffs' claim was that they submitted to defendant in confidence certain alleged new and novel ideas, suggestions, devices and inventions relating to improvements in the bodies of automobiles in an effort to induce defendant to purchase the same and that defendant wrongfully appropriated them without com-

pensating plaintiffs therefor, to their damage in the amount of $5,000,000.00.

The case was submitted to the District Judge on defendant's motion for summary judgment which was supported by affidavits, exhibits and depositions. The District Judge gave careful consideration to the issues involved in a sixteen page well-reasoned memorandum opinion in which he granted the motion for summary judgment and dismissed the complaint. The plaintiffs have appealed from the order granting the motion for summary judgment.

The alleged new and novel ideas submitted consisted of (1) a sunshade visor extending across the windshield and around the top, sides and rear of an automobile with a motor attachment which operated to protrude or recede it; (2) automobile seats which would recline or tilt by means of a push button control; (3) seat leg rests; descriptive material stressing additional space for leg room and comfort; (4) a recessed baby seat for comfort and safety of children; (5) a dome light with sufficient candlepower for reading and (6) an automobile embodying all of the suggested features. Plaintiffs did not claim under any patent and indeed offered no proof that any of the ideas were patentable.

It was not seriously contended before us that there was an express agreement between the parties. The uncontroverted evidence showed that there was not. In fact, General Motors notified plaintiffs in writing immediately upon submission of the ideas that they were not interested in purchasing them. There never was a meeting of the minds on any contract.

The thrust of plaintiffs' argument in this Court was that defendant wrongfully appropriated their ideas and devices and should compensate them for the reasonable value thereof on the principles of quasi contract. They assert that if given an opportunity they would present ex-

pert testimony to the effect that the submitted ideas were new and novel. They claim that there was a genuine issue over the facts and it was error for the District Court to render summary judgment.

It appears to us that the facts were extensively covered in the depositions and numerous affidavits and exhibits which are a part of the record in this appeal. If plaintiffs desired to offer additional evidence, they had ample opportunity to do so in the District Court.

Plaintiffs' trouble was in proving that any of the devices, ideas or suggestions which they submitted were new and novel; that any confidential relationship existed between the parties or that General Motors appropriated any of the ideas. Plaintiffs had no right to recover for ideas or suggestions which were old and in the public domain. It was necessary for plaintiffs, in order to recover on a quasi contract, to prove that their ideas were new and novel. Stevens v. Continental Can Co., 308 F.2d 100 (C.A.6). This plaintiffs failed to do.

Before the ideas were submitted, General Motors sent plaintiffs a booklet outlining the conditions under which the ideas would be received. Among other things, it was expressly stipulated:

"No device, plan, idea or suggestion may be received in confidence and no confidential relation may be established with a submitter.

\* \* \* \* \*

"No obligations with respect to any device or design may be entered into which would imply any restriction on General Motors activities that is not provided by the United States Patent Laws."

In our opinion, under the circumstances of this case, no liability was imposed on the defendant.

The judgment of the District Court is affirmed.